UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILLIP J. LYONS,

    Petitioner,

vs.

LENARD VARE, *et al.*,

    Respondents.
_____/

3:05-cv-00125-LRH-RAM

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus by Phillip J. Lyons, a prisoner at the Nevada State Prison (NSP), in Carson City, Nevada.

    In the habeas petition in this case, petitioner claims that papers and effects were confiscated from him, that he was placed in administrative segregation, and that he was transferred from High Desert State Prison (HDSP) to the Lovelock Correctional Center (LVCC), all in retaliation for his writing a letter to the Director of the Nevada Department of Corrections complaining about certain conditions at HDSP. Petition for Writ of Habeas Corpus (docket #6), pp. 3, 5, 7, and 9. Petitioner asserts that the actions taken against him violated his rights under the First and Fourteenth Amendments to the United States Constitution. *Id*.

    Respondents have answered the petition (docket #7), and petitioner has filed a reply (docket #8). In addition, the parties have filed further briefing, regarding certain issues in this case, as ordered by the Court (docket #15, #16).

1        Petitioner has previously litigated to judgment in this Court a civil rights action,
2   brought pursuant to 42 U.S.C. §1983, regarding essentially the same facts that are alleged in the
3   petition in this case. *See Lyons v. Schomig*, Case Number 3:03-cv-00577-RAM-RAM.  The Court
4   takes judicial notice of the proceedings in Case Number 3:03-cv-00577-RAM-RAM.
5        Petitioner prevailed in Case Number 3:03-cv-00577-RAM-RAM, and was awarded
6   compensatory and punitive damages following a jury trial. *See* docket #88 (Judgment) in Case
7   Number 3:03-cv-00577-RAM-RAM.  Apparently, petitioner was not awarded injunctive relief in
8   Case Number 3:03-cv-00577-RAM-RAM, and petitioner seeks, in this habeas case, the injunctive
9   relief that he failed to obtain in the civil rights action. *See* Petitioner's Brief, filed April 2, 2007
10  (docket #15), p. 2.
11       The Court has considered the pleadings and the briefing filed by the parties in this
12  case, and concludes that the habeas petition must be denied.  This case is not cognizable as a federal
13  habeas corpus petition.
14       This court may entertain a petition for writ of habeas corpus "in behalf of a person
15  in custody pursuant to the judgment of a State court only on the ground that he is in custody in
16  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
17  A habeas petition is a proper means for an inmate to challenge the fact or duration of his
18  confinement. *Preiser v. Rodriguez*, 411 U.S. 474, 485-86 (1973).  A habeas petition is not proper,
19  however, when the fact or duration of an inmate's confinement is not at issue. *See Bedea v. Cox*,
20  931 F.2d 573, 574 (9th Cir. 1991).  Thus, the Ninth Circuit Court of Appeals has held that "habeas
21  jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition
22  will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859
23  (9th Cir. 2003).
24       Here, the actions of prison officials alleged by petitioner – confiscation of property,
25  placement in administrative segregation, transfer from one prison to another – are not alleged to
26

have affected the length of petitioner's sentence.  *See* Petition for Writ of Habeas Corpus (docket #6).  This case, therefore, is not properly brought as a petition for writ of habeas corpus.

Petitioner properly litigated these matters in a civil rights action, and he prevailed in that case, and was awarded monetary relief.  Habeas corpus simply does not provide another forum for petitioner to continue his litigation in search of further relief.

The habeas petition in this action will be denied.

Moreover, the Court will deny petitioner a certificate of appealability.  The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  The Court finds that jurists of reason would not find debatable the denial of the habeas petition in this case.  It is beyond cavil that this action is improperly brought as a habeas petition, and the petition must therefore be denied.

///

///

///

///

///

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

Dated this 31st day of March, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE